**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ALERA GROUP, INC.<br>a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01109 |
| | ) | |
| BROOKS HOUGHTON and | ) | District Judge Harry D. Leinenweber |
| JORDAN HOUGHTON, individuals, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY</u>**

Plaintiff Alera Group, Inc. ("Alera") moves this Court for an order entering an expedited discovery schedule pursuant to Federal Rules of Civil Procedure 16(b), 26(d), 30(b)(1), 33 and 34. Limited expedited discovery is warranted and necessary in this case where Alera will seek preliminary injunctive relief to enforce restrictive covenants.

1. Alera, a property and casualty and employee benefits insurance broker, adopts and incorporates by reference all facts and allegations set forth in its Complaint, ECF No. 1, which is attached as Exhibit 1 ("Compl").

2. In summary:

a. Alera's employment of Defendant Jordan Houghton ("Jordan"), a former Producer for Alera who was responsible client relations, sales, service, and marketing, and maintaining of client relationships for Alera's insurance clients, ended December 23, 2022, (Compl, ¶¶ 20, 21);

b. Jordan agreed to a restrictive covenant prohibiting him from soliciting and doing business with "Clients," which is limited to clients to which Jordan sold, for which Jordan was responsible, or about which Jordan obtained confidential information, in the 12 months

1

before the termination of Jordan's employment with Alera, (Compl., ¶¶ 52-53 and Ex. 1 to Ex. C, §§ 1(b)(ii) and 14(a)); and

          c.       Since Jordan's departure from Alera, several former Alera clients Jordan managed and serviced during the last twelve months of his employment have terminated their relationships with Alera and provide documentation naming Jordan as their new insurance broker agent of record, (Compl., ¶¶ 73-79).

      3.       Jordan's conduct is ongoing. Since Alera filed the Complaint on February 22, 2023, several additional former Alera clients Jordan managed and serviced during the last twelve months of his employment have terminated their relationships with Alera and provide documentation naming Jordan as their new insurance broker agent of record.

      4.       Alera seeks an order expediting limited discovery to discover the extent of Jordan's violations of his restrictive covenants in time to file a motion for a preliminary injunction to secure meaningful injunctive relief.

      5.       District courts enjoy "broad discretion" to manage "the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Fed. R. Civ. P. 26(d)(1) expressly authorizes courts to order discovery to begin before the parties have conferred pursuant to Fed. R. Civ. P. 26(f). And Rules 33 and 34 authorize this Court to shorten the time for responding to interrogatories and document requests. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

      6.       Courts in this District "evaluate a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (internal marks and citation omitted). The advisory committee notes to Rule 26 expressly recognize that expedited discovery "will be appropriate in some cases, such as those involving requests for a

preliminary injunction …" Fed. R. Civ. P. 26, Advisory Committee Note (1993). Accordingly, courts in this District routinely order expedited discovery in cases involving breach of restrictive covenants. *See*, *e.g.*, *Brosnan Risk Consultants, Ltd.*, 2022 WL 18670860, at *1 (N.D. Ill. June 13, 2022) (Shah, J.) (granting motion for expedited discovery: "In order to prepare for a preliminary injunction hearing, both sides have good cause to conduct discovery before a Rule 26(f) planning conference"); and *Bankers Life and Casualty Co. v. Derouin*, 3:20-cv-50340, ECF Nos. 6 and 15 (N.D. Ill. Sept. 23, 2020) (Leinenweber, J.) (granting motion for expedited discovery).

6.     As stated above, Alera is requesting expedited discovery for the purpose of discovering the full extent of Jordan's violations of his restrictive covenants in time to file a motion for a preliminary injunction to secure meaningful injunctive relief. That purpose warrants expediting discovery. *Brosnan Risk*, at *1, *supra*; *C T Corp. v. Firman*, Case No. 1:19-cv-1998 (N.D. Ill.) (Alonso, J.) (ECF No. 8, ¶ 1 [plaintiff's 3/26/19 motion for expedited discovery filed "so it can discover the full extent of [defendant's] violations of his restrictive covenants in time to secure meaningful injunctive relief"]); (*id*. ECF No. 13 [granting motion for expedited discovery]); and (*id*. ECF No. 37 [plaintiff's 6/24/19 motion for preliminary injunction]).

7.     Alera's requested expedited discovery will be narrowly tailored to the issues to be decided at the preliminary injunction hearing, and will not impose an undue burden on Jordan, or his new insurance agency iDrive. (*See* Compl. ¶¶ 57-61, 73-77) (describing Alera competitor iDrive and Jordan's affiliation with iDrive). Alera will focus its expedited discovery on:

- Jordan's communications with his former Alera clients who have terminated their relationships with Alera since the end of Jordan's employment on December 23, 2023;

- Jordan's communications with his former Alera clients who have thus far remained with Alera since the end of Jordan's employment with Alera;

- Jordan's recruitment and affiliation with iDrive, and his communications with Jamie D. Nieslen of iDrive, (*see* Compl. ¶¶ 58-62);

- iDrive's communications with Jordan's former Alera clients who have terminated their relationships with Alera since the end of Jordan's employment with Alera; and

- Jordan's anticipated defenses to preliminary injunctive relief.

7.     Alera expects that much if not most of the relevant communications will be stored on Jordan's cell phone, email and/or cloud accounts, and personal electronic devices, all of which can be efficiently imaged and searched for relevant documents.  Further, expedited discovery should implicate a relatively small universe of documents because the relevant time period is narrow -- *i.e.*, the months leading to Jordan's termination of Alera employment and the few months of his iDrive affiliation.

8.     Alera is not seeking discovery at this time relating to everything relevant to this action.  Rather, Alera seeks limited expedited discovery relating to its injunction-related claims and allegations in the Complaint.

9.     Jordan is represented by counsel.  The Complaint, a Notice of a Lawsuit and Request to Waive Service of a Summons, and a Waiver of the Service of Summons were emailed to Jordan's counsel (and to separate counsel for Defendant Brooks Houghton) on February 27,

2023.  Jordan has actual notice of the Complaint, and is already beginning to prepare his

defenses, as demonstrated by the following text message he sent this past Monday March 6:



9.      Expedited discovery is a fair means for expeditiously gathering evidence relevant

to preliminary injunction proceedings and furthers the interests of gathering evidence to rectify

and enjoin Jordan's wrongful acts, while providing the Court a reasonably robust record to

evaluate the injunction issues.  For all the above reasons, Alera has good cause to conduct

expedited discovery and respectfully requests an order permitting expedited discovery as

follows:

> a.      Written Discovery:  Alera may serve no more than ten (10) interrogatories,
>
> fifteen (15) document requests, and ten (10) requests to admit upon

Jordan.  The scope of the written discovery would necessarily include all of Jordan's former Alera clients with which he has communicated about iDrive and/or leaving Alera.  Responses, document production, and verified answers to be served within fourteen (14) days of service.

b.   <u>Electronic Discovery</u>:  Alera does not request a forensic examination of any devices at this time.  But Alera does request an order requiring Jordan to preserve all electronically stored information on his cell phone, including without limitation text messages, and all other computers and electronic storage devices in his possession, custody and control that contain information relevant to the allegations of the Complaint.

c.   <u>Third Party Discovery</u>:  Alera may serve a subpoena containing no more than ten (10) document requests upon iDrive.  The scope of the subpoena would necessarily include all of Jordan's former Alera clients with which he has communicated about iDrive and/or leaving Alera.  Responses, document production, and verified answers to be served within twenty-one (21) days of service.

d.   <u>Depositions</u>:  Alera may depose Jordan, take a Rule 30(b)(6) deposition of iDrive pursuant to subpoena, and take up to two (2) other depositions. Depositions to be completed within forty-five (45) days of the Court's order granting expedited discovery.

10.   Counsel for Defendants have not yet returned an executed Waiver of the Service of Summons or sought to appear in this matter.  Alera's counsel will keep each of Defendants'

separate counsel apprised of this motion by concurrently serving them with this motion, and

promptly serving them with all Court orders and notices and other case filings in this matter.

Respectfully submitted,

ALERA GROUP, INC.
Plaintiff

Date: March 10, 2023             By: */s/    /s/ Brian E. Spang*_____
One of its Attorneys

Brian E. Spang
Erinn L. Rigney
K&L Gates LLP
70 West Madison
Suite 3100
Chicago, IL 60602-1121
Phone: 312-781-6028
Fax: 312-827-805
brian.spang@klgates.com
erinn.rigney@klgates.com

*Attorneys for Plaintiff*

7

## **Certificate of Service**

The undersigned certifies that on March 10, 2023, he caused the foregoing to be filed via

the Court's Electronic Case Filing System, and to be served upon the following counsel for

Defendants via email and overnight delivery:

Counsel for Defendant Jordan Houghton:
Aaron B. Millar
Millar Legal
5200 S. Highland Drive, Suite 300
Salt Lake City, UT 84117
aaron@millarlegal.com


Counsel for Defendant Brooks Houghton:
Lisa R. Petersen
Cohne Kinghorn, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
lpetersen@ck.law

/s/    /s/ Brian E. Spang